# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2022

Lyle W. Cayce
Clerk

No. 20-61237
Summary Calendar

Claire Marlette Edou,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A088 655 122

---

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Claire Marlette Edou, a native and citizen of the Gabonese Republic, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from an order of the Immigration Judge (IJ) denying her application for cancellation of removal. She contends the BIA erred factually

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61237

and legally by failing to consider and weigh appropriately relevant factors in its determination that she failed to demonstrate her removal would cause exceptional and extremely unusual hardship to her children. *See* 8 U.S.C. § 1229b(b)(1).

In considering the BIA's decision (and the IJ's, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*. *E.g.*, *Trejo v. Garland*, 3 F.4th 760, 74 (5th Cir. 2021). Regarding fact finding, our court lacks jurisdiction to review the BIA's factual findings in cancellation-of-removal proceedings. *Patel v. Garland*, 142 S. Ct. 1614, 1622–23 (2022); 8 U.S.C. § 1252(a)(2)(B)(i).

Edou identifies no evidence, much less evidence compelling a different result, showing: the BIA mischaracterized the physician's findings regarding her young daughter's condition; or the physician's conclusion as to the likely natural resolution of her medical issue changed at any point. *See Trejo*, 3 F.4th at 775. Edou does not address: the BIA's determination that she did not update that daughter's medical information, although almost two years passed between the IJ's and BIA's decisions; or the BIA's briefing extension to permit her an additional physician's appointment prior to submitting her brief on appeal. Instead, Edou challenges the IJ's denial of her request for a continuation before the final hearing in a series of hearings stretching over ten years (the original notice to appear was issued in 2008, following Edou's entering the United States in 1998 and overstaying her visa). She failed to raise this issue before the BIA; accordingly, our court lacks jurisdiction to consider it. *See Omari v. Holder*, 562 F.3d 314, 317 (5th Cir. 2009).

The record supports the BIA's conclusion that Edou failed to show that the consequences of her removal are "substantially beyond the ordinary

No. 20-61237

hardship that would be expected when a close family member leaves this country". *Trejo*, 3 F.4th at 775 (citation omitted).

DISMISSED in part; DENIED in part.